# Campbell v. Consolidated Traction Company, Appellant.

*Negligence — Street railways—Presumption of negligence—Evidence—Collision with wagon.*

In a negligence case against an electric street railway company, it appeared that the plaintiff was seated in a wagon which was standing on the track of the defendant's road on Fifth avenue, near Smithfield street, Pittsburg.   In front of him were two cars, the nearest being about ten feet in advance of his horses and a car was back of him close to his wagon.   On another track a car stood to his left and to his right the street was crowded with people so that he was completely hemmed in.   As the second car in front of him moved across Smithfield street on an ascending grade the trolley wheel slipped from the wire and the car stopped and then slipped backward about sixty feet and struck the car back of it.   Either the force of the collision drove the rear car against the plaintiff's horses and wagon, or the motorman of that car moved it backward to avoid a collision.   *Held*, (1) that the proof of the above facts established a prima facie case for the plaintiff, and he was not bound to go further and show by affirmative evidence that the accident was an avoidable one; (2) that the accident and the attending circumstances gave rise to a presumption of negligence on the part of the company; (3) that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 29, 1901. Appeal, No. 39, Oct. T., 1901, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1898, No. 551, on verdict for plaintiff in case of Charles J. Campbell v. Consolidated Traction Company. Before McCollum, C. J., Mitchell, Dean, Fell, Brown and Mestrezat, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Frazer, P. J.

The plaintiff in this case, Charles J. Campbell, was driving William Kissock's team, when the defendant's car ran into him. Kissock's horses were killed in the collision; he sued the Consolidated Traction Company for the killing of his horses, and recovered a verdict; the case was appealed to the Superior Court and was decided in Kissock's favor. See Kissock v. Consolidated Traction Company, 15 Pa. Superior Ct. 103.

The facts of the case are stated in the opinion of the Supreme Court.

The court refused to give binding instructions for plaintiff and submitted the case to the jury.

Verdict and judgment for plaintiff for $1,800. Defendant appealed.

*Error assigned* was in refusing to give binding instructions for defendant.

*J. H. Beal,* with him *P. C. Knox* and *James H. Reed,* for appellant, cited : Stearns v. Ontario Spinning Co., 184 Pa. 523 ; Colvin v. Vensel, 194 Pa. 83 ; Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610.

*Robert T. Reineman,* for appellee.

Opinion by Mr. Justice Fell, January 6, 1902 :

The plaintiff was seated in a wagon which was standing on the track of the defendant's road on Fifth Avenue near Smithfield Street, Pittsburg. In front of him were two cars, the nearest being about ten feet in advance of his horses and a car was back of him close to his wagon. On another track a car stood to his left and to his right the street was crowded with

people so that he was completely hemmed in. As the second car in front of him moved across Smithfield street on an ascending grade, the trolley wheel slipped from the wire and the car stopped and then slipped backward about sixty feet and struck the car back of it. Either the force of the collision drove the rear car against the plaintiff's horses and wagon, or the motorman of that car moved it backward to avoid a collision.

The proof of these facts established a prima facie case for the plaintiff. He was not bound to go further and show by affirmative evidence that the accident was an avoidable one. He was in a place of apparent safety, and had no reason to apprehend danger from a backward movement of the cars. In the ordinary course of events such a movement was not to be expected. No extraneous cause interfered with the defendant's control of its cars. The loss of control may have been a pure accident, or the result of mismanagement, or of defective appliances. If the slipping of the wheel was an accident which could not have been guarded against, the question would arise whether proper means had been provided to arrest the movement of the car in such an emergency ; and if so whether proper use had been made of them. The case was one in which the proof of the accident and the attendant circumstances gave rise to a presumption of negligence, and made it incumbent on the defendant to show that due care had been used. Whether this was shown was necessarily for the jury.

The judgment is affirmed.