Opinion by
Henderson, J.,
The principle is generally recognized that an inference of negligence does not arise from mere proof of the occurrence of an accident. Affirmative evidence is necessary to establish the facts out of which legal liability arises. While this is the well-known rule of law there are exceptions to its application. Where the duty is absolute or a contractual obligation for care exists, the maxim “res ipsa loquitur” expresses the law as applied to the evidence; and an inference of negligence is allowed from the occurrence of the injury. There is still another class of cases in which the same rule has been applied where the circumstances were free from dispute and were under the exclusive control of the defendant — cases where the accident is such as in the ordinary course of things would not have occurred if due care had been exercised. In such cases an inference of a want of reasonable care arises from the fact of the accident and the defendant is thereby put on proof of such circumstances as exculpate him. A leading case on this subject is Scott v. London and St. Katherine Dock Co., 3 Hurlstone and Coltman, 596. In that case the injury was caused by a quantity of sugar falling on the plaintiff while the defendant’s servants were lowering it with a crane from a warehouse. The court in considering the sufficiency of the plaintiff’s evidence to establish negligence said: “There must be reasonable evidence of negligence, but where the thing is shown to be under the management of the defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care it affords reasonable evidence in the absence of explanation by the defendant that the accident arose from want of care.” This case is cited with approbation in Alexander v. Nanticoke Light Co., 209 *617 Pa. 571, and in Transportation Co. v. Downer, 78 U. S. 129. In the latter case the court said that an inference of negligence seldom arises from the simple occurrence of an accident except where the accident proceeds from an act of such a character that when due care is taken in its performance no injury ordinarily ensues from it in similar cases or where it is caused by the mismanagement or misconstruction of the thing over which the defendant has immediate control and for the management and construction of which he is responsible. The same principle was affirmed in East End Oil Co. v. Torpedo Co., 190 Pa. 350. Another case where the same doctrine was applied is Byrne v. Boadle, 2 Hurlstone & Coltman, 722. In that case a barrel fell from the window of the defendant’s store injuring a passerby. In discussing the question of the defendant’s liability Pollock, C. B., said: “It is true that there are many accidents from which no presumption of negligence can arise, but this is not so in all cases. Suppose in this case the barrel had rolled out of the warehouse and fallen on the plaintiff. How could he possibly ascertain, from what cause it occurred. It is the duty of persons who keep barrels in a warehouse to take care that they do not roll out, and I think that such a case would beyond all doubt afford prima facie evidence of negligence. ... So in building or repairing a house if a person passing along the road is injured by something falling upon him I think the accident alone would be prima facie evidence of negligence.” Kearney v. Ry. Co., L. R. 6 Q. B. 759, is an authority in support of the same doctrine. To the same effect are Thompson on Negligence, sec. 15; Shearman & Redfield on Negligence (5th ed.), 77; Rose v. Transportation Co., 11 Fed. Repr. 438; Sheridan v. Foley, 58 N. J. Law, 230; Volkmar v. Manhattan Ry. Co., 134 N. Y. 418; Cummings v. National Furnace Co., 60 Wis. 603; Shafer v. Lacock, 168 Pa. 497; Ahern v. Melvin, 21 Pa. Superior Ct. 462; Peer v. Ryan, 54 Mich. 224.
The case of Booth v. Dorsey, 208 Pa. 276, arose out of *618 an injury received "by the plaintiff from a brick which fell from a building which the defendant was constructing. The evidence did not show directly how it happened that the brick fell, but there was testimony that some of the defendant’s employees were handling brick on an upper floor of the building and that the brick might have rolled off and fallen if carelessly or too forcibly thrown. There was also evidence that no other persons were near the place from which the brick came. On this state of facts it was held that the case was for the jury and a verdict for the plaintiff was sustained. The evidence in the case before us we think brings it within the application of this principle. The injury was caused by the falling of a metal box. It had been in place on a pole at the edge of the sidewalk along which many persons walked. The defendant’s employees were in the act of removing it from the pole to the ground and in the operation permitted it to fall, thereby producing the injury of which the plaintiff complains. The apparatus and the means employed for its removal were in the exclusive control of the defendants’ agents. How the box happened to fall is not clearly shown. One of the parties engaged in the operation testified, “Something went wrong that caused it to drop.” And another, that “When the transforming box is properly attached and the ring is properly hooked into the hook, the transformer can be lowered to the ground without its dropping if everything is all right.” It was the duty of the defendant to provide an adequate number of men and appropriate appliances for accomplishing the work, and if it performed its duty in this respect it was still responsible for the results of the act of its employees if performed negligently. It is a reasonable presumption that the box would not have fallen if properly handled, and it would not be an unwarranted inference that the accident occurred because of the failure of the persons doing the work to securely fasten it to the apparatus used to lower it from the pole. We are of the opinion, therefore, that on all the facts disclosed the case was one *619 for the jury and that the defendant was not entitled to a judgment non obstante veredicto. This is the only question presented on the appeal, and our conclusion is that the judgment be reversed and the record remitted to the court below with direction to enter judgment on the verdict unless cause be shown to the contrary.