# Janock, Appellant, v. Baltimore & Ohio Railroad Company.

*Negligence — Railroads — Pedestrian walking under bridge — Spilling of contents of cars—Res ipsa loquitur—Case for jury.*

In an action by a pedestrian against a railroad company to recover damages for personal injuries, sustained by plaintiff while walking on a public street under defendant's bridge, as the result of the derailment and overturning of freight cars and the spilling of their contents, the facts that the point where the derailment took place was a sharp curve and that the ordinary speed in rounding it was much less than at which the train was moving at the time of the derailment, were sufficient to justify the inference that either the tracks or cars were in a defective condition, or that the method of operating the train was faulty, and the court erred in directing a compulsory nonsuit.

Argued Oct. 25, 1915.   Appeal, No. 239, Oct. T., 1915, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1913, No. 814, entering compulsory nonsuit in case of George Janock v. Baltimore & Ohio Railroad Company.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before SWEARINGEN, J.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*George C. Bradshaw,* with him *L. B. Cook,* for appellant.

*Allen T. C. Gordon,* with him *William Watson Smith,* for appellee.

OPINION BY MR. JUSTICE FRAZER, January 3, 1916:

Defendant's railroad crosses Greenfield avenue in the City of Pittsburgh on overhead bridges. Four tracks of the main line cross the street in a straight line on one bridge, and two tracks cross on a curve on another bridge, and join the main line tracks about seventy-five feet beyond the bridges. This leaves an open triangular space between the two overhead bridges at the place where they cross the avenue. The day on which plaintiff was injured a freight train was approaching on the curved track, and, while passing around the curve on the bridge,. several cars were derailed directly over Greenfield avenue and overturned. A portion of their contents consisting of iron ore, falling to the street below, injured the plaintiff who was lawfully passing along the avenue at that moment. At the trial, plaintiff proved the happening of the accident, the physical conditions at the place and the unusual speed of the train, but offered no evidence as to the exact cause of the accident or why the cars left the track. The trial judge entered a compulsory nonsuit which he subsequently refused to take off, and from the judgment so entered this appeal is taken.

Granting the burden was on plaintiff to furnish evidence of negligence beyond the mere fact of the happening of the accident, it is not however necessary in all cases to prove negligence by positive evidence. There are many instances where the burden resting on plaintiff may be met by proof of circumstances from which the jury are permitted to infer negligence on the part of defendant: Campbell v. Consolidated Traction Co., 201 Pa. 167; Booth v. Dorsey, 208 Pa. 276; Geiser v. Pittsburgh Rys. Co., 223 Pa. 170; Caffrey v. Philadelphia Rapid Transit Co., 249 Pa. 364. It no doubt will be conceded that freight cars do not ordinarily leave their tracks in rounding curves. When they do so, the natural inference is either the tracks or cars were in a defective condition or the method of operating the

train faulty. If circumstances are shown from which the jury would be justified in finding one of these causes, rather than another, was the origin of the accident, it is sufficient. To require plaintiff to prove affirmatively the exact source of the accident would usually in cases of this kind defeat recovery, however gross the negligence, as the person injured seldom has means of either knowing or discovering absolutely the defect in equipment or delinquency on the part of employees, both of which are entirely within the control of the defendant. There is sufficient evidence here from which the jury may justly infer defendant was negligent. The testimony offered by plaintiff shows the train was running more rapidly than they usually ran on that curve, one witness placing the speed at about thirty miles an hour, while the usual rate at that point was from ten to fifteen or not to exceed twenty miles an hour. Although the exact degree of curvature of the track is not shown and no expert testimony given as to the rate of speed at which it would be possible to operate a train in safety upon a curve of that class, there is evidence that it is a sharp one. This circumstance, together with the fact that the ordinary speed as established by the practice of defendant in rounding this particular curve was much less than that at which the train was moving on this occasion, is sufficient evidence of negligence to require the submission of the case to the jury and to cast on defendant the burden of showing its freedom from fault.

The judgment is reversed and procedendo awarded.