## Livingstone *v.* Pittsburgh Railways Co., Appellant.

*Negligence—Street railways—Presumption—Res ipsa loquitur—Evidence.*

Where the front trucks of a street railway car hauling a trailer, do not turn at a switch, but continue forward on the same track, while the rear trucks and the trailer take the switch so that the front part of a wagon is unexpectedly hit without negligence by the driver, and a person riding in it is injured, such person, in an action against the company must show some negligence on the part of the defendant. Proof of the mere happening of the accident, without more, will not raise a presumption of negligence.

Argued May 4, 1916. Appeal, No. 101 and 102, April T., 1916, by defendant, from judgment of C. P. Allegheny Co., July T., 1913, No. 927, on verdict for plaintiff in case of Frederick William Livingstone, by his mother and next friend, Margaret Livingstone and Margaret Livingstone, in her own right, v. Pittsburgh Railways Company. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for personal injuries. Before SWEARINGEN, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for Frederick William Livingstone for $500, and for Margaret Livingstone for $300.

*Error assigned* was in refusing motion for judgment non obstante veredicto.

*Walter M. Lindsay,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.—There being no proof in the case, except the mere happening of the accident, there was nothing to submit to the jury, and judgment should have been entered for the defendant: Patterson C. & S. Co. v. Pittsburgh Ry. Co., 37 Pa. Superior

Ct. 212; Zercher v. Philadelphia Rapid Transit Co., 50 Pa. Superior Ct. 324; Douds v. Beaver Val. Traction Co., 54 Pa. Superior Ct. 477; Kepner v. Harrisburg Traction Co., 183 Pa. 24; Savitz v. New England, Etc., Railroad Co., 199 Pa. 218; Geiser v. Pittsburgh Ry. Co., 223 Pa. 170; Lanning v. Pittsburgh Ry. Co., 229 Pa. 575; Small v. Pittsburgh Ry. Co., 216 Pa. 584; Clark v. Philadelphia Rapid Transit Co., 241 Pa. 437; Haggerty v. Philadelphia Rapid Transit Co., 244 Pa. 107; Caffrey v. Philadelphia Rapid Transit Co., 249 Pa. 364; Benson v. Philadelphia Rapid Transfer Co., 248 Pa. 302.

*William McDowell,* with him *Ed. Call,* for appellee.— This case belongs to the class of cases in which the presumption of negligence arises out of the happening of the event causing the injury or damage. The maxim res ipsa loquitur applies: Shafer v. Lacock, 168 Pa. 497.

There are many instances where the burden resting on plaintiff may be made by proof of circumstances from which the jury are to infer negligence on the part of defendant: Campbell v. Consolidated Traction Co., 201 Pa. 167; Booth v. Dorsey, 208 Pa. 276; Geiser v. Pittsburgh Rys. Co., 223 Pa. 170; Caffrey v. Philadelphia Rapid Transit Co., 249 Pa. 364.

OPINION BY ORLADY, P. J., October 9, 1916:

These appeals were argued together, and the controlling facts are summarized by the learned trial judge, as follows: "The defendant was operating a double track street railway upon Frankstown avenue, which runs substantially east and west. It intersects Park avenue, upon which there was a single track running northwardly from the tracks on Frankstown avenue, where it connected with the usual appliances. On the day of the accident, the minor plaintiff was with his employer, delivering florist's goods in a one-horse wagon. They were coming westwardly along (to them) the right-hand side of Frankstown avenue. Livingstone was seated on the

left side of the wagon seat, beside his employer, who was driving. A car of the defendant, to which was attached a trailer, was going eastwardly upon the eastbound track. Just as the horse attached to the wagon had passed over the Park avenue track, and as the front of the wagon was on that track, the motor car of the defendant passed them on the eastbound Frankstown avenue track. The front trucks of the motor car proceeded along the Frankstown avenue track, but the rear truck of that car, and the trailer, took the switch into the Park avenue track, in consequence, the front part of the wagon, on which Livingstone was sitting, was struck and he was injured." The defendant moved for a compulsory nonsuit, which was refused. It did not submit any evidence, and a verdict was recovered for the plaintiff and sustained, on a motion for judgment non obstante veredicto, on authority of Shafer v. Lacock, 168 Pa. 497, in which it is urged, the rule stated by text writers, was held to control, viz: "The accident, or injury, and the circumstances under which they occurred, are in some cases sufficient to raise a presumption of negligence and thus cast on the defendant the burden of establishing his freedom from fault. When the thing which causes the injury, is shown to be under the management of the defendant, and the accident is such, as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by the defendants that the accident arose from want of care." This rule is frequently invoked, and its application is at times difficult, owing to the varying conditions presented.

In Allen v. Kingston Coal Co., 212 Pa. 54, in a Per Curiam opinion it was held, "The doctrine res ipsa loquitur, dangerous and uncertain at best, is never to be applied except where it not only supports the conclusion contended for, but also reasonably excludes every other: East End Oil Co. v. Penna. Torpedo Co., 190 Pa. 350; Alexander v. Penna. Water Co., 201 Pa. 252," in

which latter case, the court stated, "The plaintiff in this case only proved that an accident happened causing him grievous injury, and the jury guessed it resulted from the negligence of the defendant: they should not have been allowed to guess." "There can be no recovery unless the plaintiff prove by affirmative evidence, that the cause of the explosion was one for which defendant was liable; and when he simply proves that the cause was unknown, his proof was radically defective and he cannot recover for that reason. The jury could only reach a verdict by conjecture without proof, and as we have many times said, that is insufficient." Citing Snodgrass v. Carnegie Steel Co., 173 Pa. 228; Shafer v. Lacock, 168 Pa. 497; Lanning v. Pittsburgh Rys. Co., 229 Pa. 575.

The necessity for affirmative proof as to the cause of an accident, in addition to the fact of accident, is clearly declared in our decisions. The law does not permit a recovery upon "a supposable theory not supported by established facts": Welch v. Carlucci Stone Co., 215 Pa. 34; Zeigler v. Simplex Foundation Co., 228 Pa. 64; Runkle v. Pittsburgh, 238 Pa. 349.

The appellee urges that Campbell v. Consolidated Traction Co., 201 Pa. 167, sustains his contention. However, on an analysis of the facts on which that decision is based, more fully reported in Kissock v. Traction Co., 15 Pa. Superior Ct. 103 (the two cases arising out of the same accident), it will be found, that there were persuasive items of evidence, in addition to the fact of accident. We said by RICE, P. J., "It is argued with much force that the motorman of the second car was guilty of no negligence because his first duty was to protect his passengers. Even if this is granted, it by no means follows, that the collision was an unavoidable accident. If by its negligence the defendant placed him in a situation where to avoid injury to its property and its passengers, it was necessary for him to destroy or injure the plaintiff's property, the doctrine of proximate cause cannot be invoked to relieve it from responsibility. To state

the proposition in another form, collision with the plaintiff's team and wagon was the natural and probable consequence of backing the first car down the descending grade into the second car, such a consequence as might and ought to have been foreseen......It was incumbent on the plaintiff to show something more than the mere fact that the defendant's car collided with his team and wagon, but when he had shown that the first car was backed from a point where the danger, if not the absolute certainty of collision with his team, might and ought to have been foreseen by those in charge of it, he had shown circumstances from which negligence might and naturally would be inferred."

These facts were before the Supreme Court in the Campbell case, in which it is said, "The case was one in which the proof of the accident and the attendant circumstances gave rise to a presumption of negligence and made it incumbent on the defendant to show that due care had been used." So too in Booth v. Dorsey, 208 Pa. 276, the supplemental proof was stated as follows: "The defendant's employees were at work on the fifth floor, and there was evidence that some of them were engaged in throwing bricks up on a platform from which if carelessly or too forcibly thrown they might roll off and fall at or about where this one fell. Other evidence tended to show that there were no other persons in that part of the building from which the brick had come."

In Geiser v. Pittsburgh Rys. Co., 223 Pa. 170, a case in many respects similar to the one under consideration, in which "the front trucks either took the switch and the hind ones failed to take it, and proceeded along the main track, or the reverse," it was testified by the plaintiff's witnesses, that the switch point was worn flat, and the accident to the car was occasioned by the condition of the switch point.

In Caffrey v. Philadelphia Rapid Transit Co., 249 Pa. 364, another defective switch case, a judgment of nonsuit in the court below was reversed, for the reason,

"Three witnesses testified that they had seen cars jump the track at the same switch on several different occasions prior to the happening of the accident,......from the fact that the car did jump the track at the switch, and that this same thing had occurred on several prior occasions, the jury might very properly draw the inference that a defective switch caused the accident." See also Zercher v. Philadelphia Rapid Transit Co., 50 Pa. Superior Ct. 324.

In Hauer v. Erie County Electric Co., 51 Pa. Superior Ct. 613, the determining facts to entitle the plaintiff to recover were found by HENDERSON, J., to be—"The injury was caused by the falling of a metal box. It had been in place on a pole at the edge of the sidewalk along which many persons walked. The defendant's employees were in the act of removing it from the pole to the ground, and in the operation permitted it to fall, thereby producing the injury of which the plaintiff complains......One of the parties engaged in the operation testified—something went wrong that caused it to drop—and another—when the transformer box is properly attached and the ring is properly hooked into the hook, the transformer can be lowered to the ground without its dropping, if every thing is all right," and we held, that "it was the duty of the defendant to provide an adequate number of men, and appropriate appliances for accomplishing the work, and if it performed its duty in this respect it was still responsible for the results of the act of its employees if performed negligently."

In that case a verdict for the plaintiff was set aside and judgment n. o. v. entered for the defendant, which was reversed, for the reason "that it is a reasonable presumption, that the box would not have fallen if properly handled, and it would not be an unwarranted inference that the accident occurred because of the failure of the persons doing the work to securely fasten it to the apparatus used to lower it from the pole." See also Salerno v. Philadelphia & Reading Ry. Co., 46 Pa. Superior

Ct. 243; Fitzsimmons v. Philadelphia Rapid Transit Co., 56 Pa. Superior Ct. 365; Leonard v. Nazareth Cement Co., 49 Pa. 535.

In Lanning v. Pittsburgh Rys. Co., 229 Pa. 575, Mr. Justice BROWN declared the rule to be, "Whatever may be the rule in other jurisdictions as to the presumption of negligence, whenever one traveling on the street of a municipality is injured by an appliance of a company using electricity upon or over the street, our cases recognize no such presumption. With us the rule res ipsa loquitur does not apply in such a case, and the burden was upon the appellees to show more than the mere breaking of the wire. In Kepner v. Harrisburg Traction Co., 183 Pa. 24, it is stated: "The general rule is that the plaintiff whose suit is grounded upon the alleged negligence of the defendant must not only establish the negligence by competent evidence, but he must show that it was the cause of the injury for which he sues. The exceptions to the rule are rare. The majority of our own cases which have been held to be within the exception were suits by passengers against railroad companies for injuries received while being conveyed by trains under the control and management of the latter."

In the late case of Janock v. B. & O. Railroad, 252 Pa. 199, there was the added circumstance in the plaintiff's proof that the train was running at a speed of thirty miles an hour, around a curve, while the usual rate at that point was from ten to fifteen or not to exceed twenty miles an hour, from which a jury might justly infer the defendant was negligent in the operation of its coal train under the circumstances.

The plaintiff in this case was in the exercise of his lawful right in driving on a public highway of the city. The defendant was in the exercise of its lawful right of operating its cars along that street. Neither had undertaken to perform towards the other any other duty except that imposed by the law on every one who makes a lawful use of the public street, to wit, the duty of en-

joying his own right with such reasonable care as not to do injury to another.   See Zercher v. Philadelphia Rapid Transit Co., 50 Pa. Superior Ct. 324.

With these decisions for our guidance, and the conceded facts being that the defendant operated a double-track street railway system, on a prominent thoroughfare of a great city, over which its cars were regularly run at short intervals; that no defect of track or car was shown; no excessive speed proved; no inducing cause for the accident offered in the plaintiff's proof, it follows, that this verdict is necessarily founded on the mere conjecture that in some unexplained way there was a defect which the defendant knew of, or could have ascertained by a proper inspection.   It narrows down to the plain proposition that on merely showing the happening of the accident, the defendant is liable for all resultant injuries.

Our authorities do not warrant this construction. While such accidents are not common, it is our every day experience, that they do occasionally happen, even when the greatest of care is exercised—a latent defect in rail or wheel—the loosening of a bolt or bar, and many other like causes are often beyond the gauge of technical inspection.

It is quite true, as said in Janock v. B. & O. Railroad, 252 Pa. 199, "To require plaintiff to prove affirmatively the exact source of the accident would usually in cases of this kind defeat recovery, however gross the negligence, as the person injured seldom has means of either knowing or discovering absolutely the defect in equipment or delinquency on the part of employees, both of which are entirely within the control of the defendants."   The "exact source of the accident," or "discovering absolutely" the defect in equipment or delinquency, is not exacted by our decisions, but in every case we have examined, in which the defendant has been held liable, there has been some reasonably suggestive cause for the accident to indicate a neglect of some duty of the party sought

to be held liable, either by proof of the attending circumstances or other informing facts. These may be, in some cases, very slight, but in this case there is not a semblance of either. The court should have sustained the motion for judgment non obstante veredicto.

,The judgments are reversed.