# Wolsieffer, Appellant, v. Philadelphia Rapid Transit Co.

*Negligence—Street railways—Pedestrian at crossing—Contributory negligence.*

In an action against a street railway company to recover damages for personal injuries sustained by a pedestrian at a grade crossing, no recovery can be had, where there is no evidence of excessive speed of the car which struck plaintiff, no disregard of signals or of anything to show that the motorman was aware that the plaintiff was about to step upon the track, or that he should have anticipated it, and it appears that plaintiff was struck at the very moment that he stepped upon the first rail of the track.

Argued Nov. 10, 1916. Appeal, No. 22, Oct. T., 1916, by plaintiff, from judgment of Municipal Court, Philadelphia Co., April T., 1915, No. 130, for defendant n. o. v. in case of Edmund Wolsieffer v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KNOWLES, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant n. o. v.

*H. Edgar Barnes,* for appellant, cited: Dunn v. Philadelphia Rapid Transit Co., 244 Pa. 176; Wagner v. Philadelphia Rapid Transit Co., 252 Pa. 354; Cleary v. Pittsburgh, Etc., Traction Co., 179 Pa. 526; Armstrong v. Consolidated Traction Co., 216 Pa. 595; Eastman v. Washington, Etc., Ry. Co., 37 Pa. Superior Ct. 287.

*Harold B. Beitler,* for appellee, cited: Zercher v. Philadelphia Rapid Transit Co., 50 Pa. Superior Ct. 324; Cunningham v. Philadelphia Rapid Transit Co., 240 Pa. 194; Crooks v. Pittsburgh Rys. Co., 216 Pa. 590; Cornell v. Pittsburgh Rys. Co., 54 Pa. Superior Ct. 230.

OPINION BY WILLIAMS, J., March 13, 1917:

Edmund Wolsieffer, the plaintiff, aged 69 years, thus described the accident which resulted in his injuries: "October 4, 1913,......I walked from the store straight up Twelfth,......to Market......about five o'clock in the afternoon........When I got to the corner of Twelfth and Market streets, the southeast corner......I looked for trolley cars.......I saw an eastbound car coming towards Twelfth street......on Market street on the lower track. I then started to go across, and when I got about half way I looked again......and by that time the eastbound car had gotten stationary at the other corner, and assuming that it was safe to proceed—and there was quite a crowd of people, and we all moved forward—when I got to the track, the first track, I heard a shrill whistle. I took it to be a whistle to come forward and still walking somebody shouted and I looked up, and I saw two reserve officers waving their hands at us and shouting something that sounded like 'Stand back' and I immediately tried to stand back. I probably was too slow, and the next thing I know I saw the green car looming up in my face and it struck me. I was thrown down on my face and I became insensible. ......Q. How far had you got upon the track, if you remember? A. I had one foot on the first iron track. Q. You had one foot on the first iron rail? A. Yes." On cross-examination he testified that the distance from the curb to the first rail was about fifteen or eighteen feet.

As the plaintiff's was the only testimony as to the accident, we must accept his statement as fixing the facts upon which this case must be decided. The burden of proving negligence on the part of the defendant rested

upon the plaintiff: Zercher v. Philadelphia Rapid Transit Co., 50 Pa. Superior Ct. 324.   The cases cited by the appellant are not applicable.   In each of them there was evidence of negligence upon the part of the defendant. Here there was no evidence of excessive speed, disregard of signals or of anything to show that the motorman was aware that the plaintiff was about to step upon the track, or that he should have anticipated it.   The mere happening of an accident without some evidence of negligence on the part of the defendant does not warrant a recovery: Livingstone v. Pittsburgh Rys. Co., 64 Pa. Superior Ct. 593.

The contributory negligence of the plaintiff is evident. It must not be overlooked that the car is upon the track from which it cannot move, while the pedestrian has the power to step back, forward or sideways in order to avoid coming in contact with it.   The principle applicable to the facts of this case is well set forth in Cunningham v. Philadelphia Rapid Transit Co., 240 Pa. 194, where POTTER, J., says (198) : "When a pedestrian, after stepping in front of a car, comes in practically instantaneous contact with it, it matters not what the testimony as to his previous actions may have been.   The mischief is done at that time, and the collision occurs practically on the instant."   In the case at bar the plaintiff was struck at the very moment that he stepped upon the southernmost rail of the tracks.

The judgment is affirmed.

ORLADY, P. J., HENDERSON and TREXLER, JJ., dissent.