TOBY et al. v. SCRANTON RY. CO.

(District Court, M. D. Pennsylvania. May Term, 1917.)

No. 905.

1. STREET RAILROADS ⚖️112(2)—NEGLIGENCE—RES IPSA LOQUITUR—FALL OF TROLLEY POLE.

The doctrine of res ipsa loquitur applies, where the trolley pole of a street car in use falls, striking a pedestrian; such an accident not happening in the ordinary course of events, in the absence of negligence in its construction, inspection, or use.

2. COURTS ⚖️365—FEDERAL COURTS—FOLLOWING STATE DECISIONS.

In the absence of uniform recognized decisions by the state court governing the rights and conduct of persons regarding the matter under consideration, the federal court may regard with equal respect the decisions of courts of other states.

At Law. Action by Edith Toby and others against the Scranton Railway Company. On motion to quash statement. Motion denied.

Willard M. Bunnell, R. L. Levy, and H. W. Mumford, all of Scranton, Pa., for plaintiffs.

Warren, Knapp, O'Malley & Hill, of Scranton, Pa., for defendant.

WITMER, District Judge. This is a motion to quash plaintiffs' statement. The statement alleges that, while the plaintiff was crossing North Washington avenue, in the city of Scranton, Pa., a trolley pole of the defendant's car, by reason of the negligence of the defendant company, fell from the roof of said car, and in falling struck the plaintiff upon her head, causing severe injuries.

[1] The plaintiff rests her case upon the alleged falling of the trolley pole, insisting that it raises a presumption of negligence on the part of the defendant, entitling her to recovery, to which the defendant takes exception. The motion implies answer of the question whether the maxim of res ipsa loquitur applies to the case as it is made to appear from the plaintiffs' statement. This doctrine applies only to cases of accident arising under the most exceptional circumstances. Minn. & St. L. R. R. Co. v. Gotschall, 244 U. S. 66, 37 Sup. Ct. 598, 61 L. Ed. 995.

Judged by the limitation laid down in Wigmore on Evidence, vol. 4, § 2509, as applied by the court in D. & H. Co. v. Dix, 188 Fed. 901, 110 C. C. A. 535, it would appear that the case falls within this rule. No injury is to be expected from the operation of a trolley pole, unless from a careless construction, inspection, or user. The breaking of the trolley pole does not happen in the ordinary course of events, unless there is some negligence, either in its construction or in the management of it. The inspection and user of the instrument occasioning the injury at the time of the accident was in the defendant, and, it being alleged that the plaintiff was without fault, the defendant will be held to explain.

[2] I am fully aware of the contrary conclusion reached in Zercher v. Phila. Rapid Transit Co., 50 Pa. Super. Ct. 324, in which the matter

was squarely decided. Having, however, carefully considered the expressions of our own state Supreme Court on kindred subjects, including also the conclusion reached in Campbell v. Consolidated Traction Co., 201 Pa. 167, 50 Atl. 829, where it was held that proof of the fall of the trolley wheel and the drop of the car while ascending a grade, to the injury of a vehicle on the street, gave rise to the presumption of negligence, and made it incumbent on the defendant to show due care had been used, I am not free from doubt whether this case could not be distinguished from the tenets of the Supreme Court, were it of any importance here. As was said by Judge Gray, speaking for the Court of Appeals of this circuit, in Snare & Triest Co. v. Friedman, 169 Fed. 1, 94 C. C. A. 369, 40 L. R. A. (N. S.) 367, the court below—

"was not bound by the decision of the state court in such a case, although judicial comity might require it to bow to a line of decisions so uniform and well settled, and extending through so long a time, as to establish a rule of conduct which 'it would be wrong to disturb.' "

Such uniform recognized decisions governing the rights and conduct of persons regarding the matter under consideration are here wanting, and the court is at liberty to regard with equal respect the decisions of courts of other states. In a well-considered opinion, reviewing at considerable length the line of cases falling within the maxim "res ipsa loquitur," the Supreme Court of Ohio, in Cincinnati Traction Co. v. Holzenkamp, 74 Ohio St. 379, 78 N. E. 529, 6 L. R. A. (N. S.) 800, 113 Am. St. Rep. 980, reached the conclusion that proof of the falling of a trolley pole from an electric car, upon a person where he had a right to be, raised the presumption of negligence on the part of the traction company, and unless rebutted, the party injured is entitled to recover. The principle upon which this conclusion is founded was fairly stated and quoted with approval by the court, as it appears in Shearman & Redfield on Negligence (5th Ed.) § 59:

"Proof of an injury, occurring as the proximate result of an act of the defendant, which would not usually, if done with due care, have injured any one, is enough to make out a presumption of negligence. When a thing which causes the injury is shown to be under the management of the defendant, and the accident is such as, in the ordinary course of things, does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

The plaintiffs' statement sufficiently states a cause of action, and defendant's motion is therefore denied.