Maerkle, Appellant, *v.* Pittsburgh
Railways Company.

Argued March 22, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John Duggan, Jr.,* with him *B. B. McGinnis,* for appellant.

*E. W. Langfitt,* with him *J. R. McNary,* for appellee.

OPINION BY MR. JUSTICE MAXEY, April 10, 1933:

This is an appeal from the judgment of the Court of Common Pleas of Allegheny County denying plaintiff's motion to strike off a compulsory nonsuit in favor of defendant. About nine p. m. on August 8, 1921, plaintiff was driving an automobile in a westerly direction along East Ohio Street in Pittsburgh. Defendant maintained on that street a double line of tracks for the operation of its street cars. At the above time and place defendant was operating a work car and trailer on these tracks in an easterly direction; the traffic at that place was heavy and automobiles were parked along the curb at plaintiff's right. The left wheels of plaintiff's westbound automobile were inside the right rail of defendant's westbound track. Plaintiff was proceeding at a speed of about twenty-five miles an hour. When he first saw defendant's car and trailer, they were about 200 feet from his automobile. When the work car and automobile were about ten feet apart, "the back end of the car," according to plaintiff's testimony, "came out of the track completely [and] came over in front of" plaintiff; that is, the trailer got off the track and was pro-

jected nine feet into the roadway hitting plaintiff's automobile. The latter steered to the right, but was unable to avoid the collision between his car and the trailer. As a result of the collision plaintiff's car was wrecked and he was injured. Witnesses testified that immediately prior to the collision sparks were emitted from the rear truck of the trailer. They also declared that the work car and trailer swung across the tracks and roadway on the plaintiff's right, then swerved and recrossed the tracks, finally coming to a stop in the left driveway at a point approximately 80 feet distant from the original point of impact. Immediately after the collision a spring of the type used to absorb shocks in trolley cars and work cars was found at or near the point where sparks had been observed as coming from the trailer. The court below held that plaintiff had not made out a prima facie case in support of his charge that defendant, through its servants, agents or employees, operated the work car in a careless and reckless manner and permitted it to leave its proper place in the tracks, and a nonsuit was granted. Subsequently the court refused to strike it off. Plaintiff appealed.

In Shafer v. Lacock Hawthorn & Co., 168 Pa. 497, 504, 32 A. 44, this court quoted approvingly from Sherman & Redfield on Negligence, sections 59 and 60, as follows: " 'The accident, the injury and the circumstances under which they occurred are in some cases sufficient to raise a presumption of negligence and thus cast on the defendant the burden of establishing his freedom from fault. When the thing which causes the injury is shown to be under the management of the defendants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants that the accident arose from a want of care.' " This court there said: "There are cases in which a fair presumption or inference of negligence arises from the circumstances under

which the injury occurred, and we think this is one of them."

In Campbell v. Consolidated Traction Co., 201 Pa. 167, 50 A. 829, the plaintiff was seated in a wagon which was standing on the track of the street railway company. In front of him were two cars. As the second car moved across Smithfield Street, the trolley wheel slipped from the wire and the car stopped and then slipped backward about sixty feet and struck the car back of it. There was a collision of plaintiff's horses and wagon and the car. This court held that, (1) the proof of these facts established a prima facie case for the plaintiff and he was not bound to go further and show by affirmative evidence that the accident was an avoidable one; (2) the accident and the attending circumstances gave rise to a presumption of negligence on the part of the company; and (3) the case was for the jury. This court, in an opinion by Mr. Justice FELL, said: "He [the plaintiff] was in a place of apparent safety, and had no reason to apprehend danger from a backward movement of the cars. In the ordinary course of events such a movement was not to be expected. No extraneous cause interfered with the defendant's control of its cars. The loss of control may have been a pure accident, or the result of mismanagement, or of defective appliances. ...... The case......was......for the jury."

In Janock v. B. & O. R. R. Co., 252 Pa. 199, 97 A. 205, plaintiff, a pedestrian, sustained personal injuries while walking on a public street under defendant's bridge, as the result of the derailment and overturning of freight cars and the spilling of their contents. This court, in an opinion by the present Chief Justice, said: "Granting the burden was on plaintiff to furnish evidence of negligence beyond the mere fact of the happening of the accident, it is not, however, necessary in all cases to prove negligence by positive evidence. There are many instances where the burden resting on plaintiff may be met by proof of circumstances from which the jury are

permitted to infer negligence on the part of defendant. ...... It no. doubt will be conceded that freight cars do not ordinarily leave their tracks in rounding curves. When they do so, the natural inference is either the tracks or cars were in a defective condition or the method of operating the train faulty. ...... To require plaintiff to prove affirmatively the exact source of the accident would usually in cases of this kind defeat recovery, however gross the negligence, as the person injured seldom has means of either knowing or discovering absolutely the defect in equipment or delinquency on the part of employees, both of which are entirely within the control of the defendant. There is sufficient evidence here from which the jury may justly infer defendant was negligent."

The principle laid down in the foregoing cases as to the burden resting on a plaintiff to show defendant's negligence in cases similar to the one now before us being met by proof of circumstances reasonably giving rise to the inference of negligence, has been consistently recognized by this court.

The instant case is admittedly a close one. The court below held that it was ruled by Livingstone v. Pittsburgh Rys. Co., 64 Pa. Superior Ct. 593. In that case the injury complained of arose from the fact that the front truck of a street car hauling a trailer did not turn at the switch, as it was expected to do, but continued forward on the same track, while the rear truck and the trailer "took the switch" so that the front part of plaintiff's wagon was struck and he was injured. In the opinion of the Superior Court by President Judge OR-LADY, appears the following: "......the conceded facts being......that no defect of track or car was shown; no execessive speed proved; no inducing cause for the accident offered in the plaintiff's proof, it follows that this verdict is necessarily founded on the mere conjecture that in some unexplained way there was a defect

which the defendant knew of, or could have ascertained by proper inspection."

In the case now under review the excessive speed of the work car and trailer is a legitimate inference from the fact that not only did the sudden projection of the rear end of the trailer derail the work car, but both were swung across the tracks in one direction and back in the reverse direction, finally coming to a stop about eighty feet distant from the place where the trailer hit plaintiff's car. These facts furnish rather persuasive proof of the great momentum of the car and the trailer. The further fact that just prior to the collision sparks were emitted from the rear truck of the trailer indicates that there was something then wrong with the mechanism. The finding immediately after the accident of a part of a street car spring (though not definitely identified with *this* street car) near the point where sparks had been observed as coming from the trailer is also a fact which with other facts attendant upon the accident in question, is proper for the jury's consideration in weighing the question of defendant's want of care in the maintenance and control of its street car and trailer. All of these facts and circumstances coupled with the fact that the work car and trailer were under the exclusive control of the defendant would in law support an inference of negligence on the part of defendant company according to "the conclusions and tests of everyday experience" which Wigmore in his Evidence, volume 1, section 27, page 232, says, "must constantly control the standards of legal logic." See also Mars. P. R. T. Co., 303 Pa. 80, 89, 154 A. 290. The defendant may, of course, be able to rebut successfully the inference of negligence prima facie arising from plaintiff's evidence.

The judgment is reversed with a procedendo.