## CHURCHILL v. BALTIMORE & O. R. CO.
### No. 9144.

District Court, W. D. Pennsylvania.
Dec. 5, 1939.

John Duggan, Jr., of Pittsburgh, Pa., for plaintiff.

Margiotti, Pugliese, Evans & Buckley, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is a railroad accident case. Plaintiff recovered a verdict for personal injuries in the sum of $4,312.50.

Defendant has moved to set aside the verdict and to enter judgment for defendant on the reserved point for binding instructions in its favor, and for a new trial, on the allegation that the verdict is excessive, and that the court erred in its remarks and instructions to the jury as to the inspection of the car involved in the wreck.

Briefly stated, the testimony in this case discloses that the plaintiff was riding as a conductor on the train of the Allegheny & South Side Railways Company proceeding along the tracks of the Pittsburgh & Lake Erie Railroad; that the defendant was likewise operating a freight train along the adjoining track of the Pittsburgh & Lake Erie Railroad Company which was going in the opposite direction from the train on which the plaintiff was riding as conductor. He was sitting on a gondola car on the front end of a train consisting of five cars and an engine, which cars were being pushed along the track by the engine in the rear. This train was proceeding at the rate of from two to four miles an hour. At the time of the accident complained of, the defendant was operating a freight train of some twenty-five cars. This train was proceeding at the rate of about twenty-five miles an hour; and as it was passing, or about to pass, the train on which the plaintiff was riding, the plaintiff heard a noise of a bumping, or something of the sort, along the track on which the defendant's train was operating, and saw what apparently was a buckling up of some of the cars as they were approaching the car on which the plaintiff was riding. He heard some noise that indicated possibly there was something wrong with the train and saw some sparks arising from near the railroad tracks under one of the cars of defendant's train, and that apparently some of the cars of that train were off the track. As these

cars approached the one on which the plaintiff was riding, there was an apparent buckling up of the cars of defendant's train. The plaintiff, fearing a collision, jumped off the car on which he was riding. In so doing, he claims he was injured in his ankle, his wrist, and his back.

It appears in the testimony that the brake rigging of the particular car which bumped into the car on which the plaintiff was riding was defective, loose and dangling; that a certain cotter pin that held up the brake rigging was missing. The plaintiff contends that the defendant was negligent in its failure to have this particular car properly equipped with a brake rigging.

Under these facts, we are of the opinion that there was sufficient evidence of negligence to take the case to the jury.

This case falls within the doctrine announced by the Supreme Court of Pennsylvania in Maerkle v. Pittsburgh Railways Company, 311 Pa. 517, 165 A. 503; Campbell v. Consolidated Traction Company, 201 Pa. 167, 50 A. 829; Janock v. Baltimore & Ohio Railroad Company, 252 Pa. 199, 97 A. 205.

The rule to be applied is stated by the Pennsylvania Supreme Court in Maerkle v. Pittsburgh Railways Company, 311 Pa. 517, at page 519, 165 A. 503, at page 504, as follows: " * * * When the thing which causes the injury is shown to be under the management of the defendants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from a want of care."

The defendant contends that this case is not one for the application of res ipsa loquitur, and that there was not sufficient evidence of negligence to take the case to the jury. We are of the opinion, however, that this is a case for the application of this rule, and that the evidence brings it within the class of cases just cited, namely, that where the thing which causes the injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords a reasonable evidence, in the absence of explanation by the defendant that the accident arose from want of care.

The plaintiff also contends that there is no procedure in the Federal courts for the entry of judgment in favor of the defendant after the jury has returned verdict for the plaintiff. However, in the instant case, it is not necessary to consider that phase of the case, although it might be mentioned that Rule 50 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides for such practice.

As to the defendant's contention that the verdict is excessive, we are of the opinion that there is evidence that the plaintiff might have suffered the injuries he complains of. As we view the case, it is entirely a matter for the jury, and we cannot usurp their province and say that this verdict is excessive.

The motion for a new trial will be denied, also the motion to set aside the verdict and enter judgment in favor of the defendant will be denied. An order may be submitted accordingly.