## Ebey *v.* Schwartz, Appellant.

Argued December 10, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

*H. O. Bechtel,* and with him *J. L. N. Channell,* for appellant.

*Ralph M. Bashore,* for appellee.

OPINION BY BALDRIGE, J., January 28, 1932:

This is an action of trespass to recover damages for injuries sustained in an automobile accident.

Plaintiff and defendant are both residents of Schuylkill County. On September 5, 1929, plaintiff, as de-

fendant's guest, was riding with him in his automobile. The plaintiff, the only witness who testified concerning the accident, stated that they were travelling eastwardly from Cambridge, Ohio, on a macadam road, 16 feet wide, with a dirt berm. At the point of the accident, and for some distance prior thereto, the berm on both sides of the road had been washed out so that there existed a depression of from 4 to 6 inches at the edge of the macadam. The defendant made several attempts to pass a covered truck, which was preceding them, travelling about 35 miles an hour. The plaintiff performed her full duty (Perry v. Ryback, 302 Pa. 559) in requesting him not to pass this truck and cautioning him of the condition of the berm. The defendant did not heed her warnings and went by the truck at "great speed," estimated by her to be between 45 and 50 miles an hour. In passing, defendant got beyond the macadam into the depression on the left side of the road, and in endeavoring to extricate himself he skidded to the other side, and the two right wheels fell into the depression on the right side of the road. Thereupon the rear right wheel broke and the car upset.

The appellant concedes that the accident resulted from the breaking of the wheel, but argues that there was no evidence of what caused the wheel to collapse; that it might have been the result of a tire blow-out, or a number of things, for none of which he would be responsible. But the weakness in that contention is that there was no testimony that other conditions were present, to which the accident could be reasonably attributable, than those testified to by the plaintiff. The appellant further contends that there was no evidence that the car actually left the macadam surface of the road. Referring to the plaintiff's testimony, we find that she felt the car drop and run on the dirt. That was sufficient proof that the wheels did not remain on the macadam.

Defendant owed to the plaintiff the duty of ordinary and reasonable care and it was incumbent upon her to establish that the accident resulted from his negligence. We are not confronted here with a case resting wholly upon supposable theory, not supported by established facts, as in Alexander v. Penna. Water Co., 201 Pa. 252, mainly relied upon by the appellant. It may very reasonably be inferred that the speed was the direct cause of the accident. Under normal conditions, an automobile does not upset when it passes another car. As was said in Knox v. Simmerman, 301 Pa. 1, 5, "Where a thing is shown to be under the management of defendant and the accident is such as in the ordinary course of things does not happen if proper care is used, the burden is on the defendant to prove that the accident did not arise from want of care;" and slight evidence only of defective operation is required to fasten responsibility on the defendant: Lesick v. Proctor, 300 Pa. 347, 350.

We concede that the accident did not give rise to the presumption of negligence, but the circumstances under which it occurred were clearly sufficient to send this case to the jury.

Judgment affirmed.