## O'Brien *v.* Gray, Admr., Appellant.

Argued October 2, 1935.

Before Keller, P. J., Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Francis Chapman,* for appellant.

*John C. Noonan,* for appellee.

Opinion by Baldrige, J., January 31, 1936:

An action of trespass was brought by Thomas O'Brien against Silas A. Gray, administrator of the Estate of Harry W. Gray, deceased, to recover for injuries sustained on August 8, 1931, while riding in a car owned and driven by Gray. Owing to the death of Gray, the court below properly sustained objection to the testimony of the plaintiff, the only eye-witness, as to the circumstances of the accident. See Lockard .v. Vare, 230 Pa. 591, 79 A. 802.

On the day in question, Harry W. Gray, in company with O'Brien, was motoring from Philadelphia to Mt. Gretna. They were followed in another car by Wolohan and Tully, two of their friends. When the latter car reached a point where there is a sharp curve on route 5, some miles west of Downingtown, they found the Gray car standing diagonally across the road with its left side "battered up," and located, according to

Tully's testimony, 50 feet beyond a bridge under which the highway passes. The injuries sustained were apparently due to the car's running into the abutment on the left or wrong side of the road. The concrete abutment wall of the bridge showed where the car had hit, there were white marks on the left side of the car, and the door handle was knocked off. The macadam road was described as being "pretty bumpy on that particular side, and it is about 200 or 300 yards down the slope of the hill. It is not very steep." Gray had his arm torn away from his body and died a few hours later. Wolohan testified, in part, without objection, as follows:

"Q. Did he (Gray) say anything as to the cause? A. Harry told me he was fooled by the road. He thought that that was a sharper curve there and probably threw on his brakes ...... to stop his car ...... Q. What did Mr. Gray say to you? A. Mr. Gray told me that this road they proceeded under he thought there was a sharper curve there, and in throwing on his brakes, he lost control of his car, and it banged over into this concrete abutment ...... Q. Did Mr. Gray say at what speed he was running his car? A. No sir. Harry only felt that he was driving too fast, understand. Harry was badly injured at the time. It was pretty hard for him to say exactly what was on his mind, and there was one thing uppermost in my mind, was to try to save this boy and get him to a hospital."

The court submitted the question of the driver's negligence to the jury, and it found in favor of the plaintiff. The problem before us is whether there was sufficient evidence to sustain the verdict.

We concede that in this commonwealth the presumption of negligence to its full extent is not recognized. That is to say, the mere proof of the happening of an accident is insufficient. The plaintiff must furnish some facts tending to show a probability that the acci-

dent would not have occurred without the defendant's negligence; but it is not necessary to prove the negligence by positive evidence. It may be shown by a proof of circumstances from which the jury are permitted to infer negligence on the part of the defendant: Janock v. B. & O. R. R. Co., 252 Pa. 199, 97 A. 205. It has been held that but slight evidence in a case of this character is sufficient to meet the burden of proof placed on the one seeking to recover: Murray v. Frick et al., 277 Pa. 190, 121 A. 47; Lesick et ux. v. Proctor, 300 Pa. 347, 350, 150 A. 618.

In Reardon v. Smith, 298 Pa. 554, 558, 148 A. 860, the deceased was struck by an automobile while walking on the sidewalk. The testimony did not plainly establish the actual cause of the occurrence and the fact of defendant's negligence, as no person saw the impact of the car with the body of the deceased. The court held that it was not essential that there should be an eyewitness of the occurrence. "The proof may be furnished by the circumstances themselves. The test is whether they are such as to satisfy reasonable and well-balanced minds that the accident resulted from the negligence of defendant." In Tucker v. Pittsburgh etc. Ry. Co., 227 Pa. 66, 69, 75 A. 991, the court said: "Accidents in which life is lost not infrequently occur unwitnessed. Such fact in itself does not operate to protect one whose negligence can be shown from the general situation and circumstances to have been the operative cause." See, also, Butler v. Del Favero, 116 Pa. Superior Ct. 534, 538, 176 A. 765.

Furthermore, it is firmly established that "when the thing which causes the injury is shown to be under the management of the defendants and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from a

want of care:" Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497, 504, 32 A. 44. This rule is recognized in Durning et al. v. Hyman, 286 Pa. 376, 133 A. 568, and Knox v. Simmerman, 301 Pa. 1, 151 A. 678. In the last cited case the plaintiff was riding as defendant's guest. As they approached a curve the car failed to make the turn, dashed into a pile of crushed stone outside the pavement, and the plaintiff was injured. The court there said (p. 4) : "It was a clear day on a broad dry pavement, the coupe was in the exclusive control of the defendant, and the accident was such as under normal conditions does not occur; hence, it so happening, unexplained, would justify a jury in presuming the defendant was negligent."

In Galbraith v. Busch et al. (N. Y.), 196 N. E. 36, cited by appellant, suit was brought to recover for injuries received while plaintiff was riding in an automobile which, for some unexplained reason, suddenly swerved from the highway and crashed into a tree. The majority of the court held that the evidence was insufficient to prove defendant's negligence. There was no sharp curve and concrete abutment requiring the slackening of speed, as here, or any other dangerous situation necessitating unusual care, to account for the accident. Chief Justice CRANE dissented in that case in a very vigorous opinion, stating (p. 41) : "The same rule, call it res ipsa loquitur if you will, or the rule of reasonable inferences, has been followed in other jurisdictions where like facts have been involved," quoting a number of cases, including Knox v. Simmerman, supra.

In the case at bar, there was no testimony of the presence of any condition to which the accident could be reasonably attributed other than the negligent operation of the car. See Ebey v. Schwartz, 104 Pa. Superior Ct. 181, 158 A. 291. On the other hand, we have affirmative testimony of the statement made by the de-

32

ceased that he lost control of the car, not by a blow-out or by reason of a mechanical defect, as suggested at the argument as a probable cause of the accident, but as a result of the way he operated the brakes. This testimony alone releases this case from the realm of speculation. When we consider all the testimony, coupled with the attending circumstances, the legal test of proof is met; they reasonably support the inference that the driver of the car failed to perform his legal duty.

It is unnecessary to discuss the reference in the charge of the lower court to the probable speed of the car, which was touched upon but rather lightly by appellant. Sufficient to state, a motion for a new trial was not made, nor is the correctness of the court's charge included in the statement of questions involved.

Judgment affirmed.