House *v.* Brant et al., Appellants, et al.

54

Argued April 24, 1936. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Samuel W. Pringle,* of *Dalzell, McFall & Pringle,* for appellants.

*Geo. I. Bloom,* of *Bloom & Bloom,* with him *Alexander Cooper,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 26, 1936:

The circumstances in this action to recover damages for personal injuries are quite out of the ordinary. Defendants, who appeal from a judgment recovered in the court below, argue that they are entitled to judgment in their favor or failing this to a new trial. We are unable to reach the conclusion they desire on either proposition.

The facts summarized are these: King Way is a narrow alley in the City of Pittsburgh, nine feet or a little less in width, flanked on both sides by high buildings. A large concrete mixer truck of defendants pulled into the alley and stopped with its rear about opposite the doorway of the Grant Building, which was to the truck's left. There was a space of only about two feet between the right side of the truck and the wall of the building on that side of the alley. People were walking through the alley between the right side of the truck and the wall. After the truck had remained stationary for a few minutes, the driver moved it forward and to the right. He gave no warning of his intention and did not observe plaintiff, who was in the space between the truck and the right wall. Plaintiff was pinioned between the right rear wheel of the truck and the wall and very seriously injured. He recovered a verdict for $12,005.50.

Plaintiff was held incompetent to testify to matters which took place during the lifetime of one of the defendants who was dead at the time of the trial. The result of this ruling is that we do not have plaintiff's account of the accident.

Appellants contend that the physical facts, the height of the truck and the position in which he was standing, make it impossible that one of plaintiff's witnesses named Scott could have seen plaintiff at the front right wheel of the truck before he was hurt, as he testified he did, and that his testimony was so conflicting and op-

posed to the physical facts as to leave the question of how the accident happened in the realm of conjecture. The so called physical facts are not so clearly presented by the testimony as to enable us to conclude that the witness could not see what he says he saw. "Testimony relied upon to establish the rule contended for must be clear, positive, credible, uncontradicted and indisputable": *Scalet v. Bell Telephone Co. of Pa.*, 291 Pa. 451, 456, 140 Atl. 141, 143, quoting from *Hartig v. American Ice Co.*, 290 Pa. 21, 137 Atl. 867. Nor do we believe that this witness' testimony is essential to establish plaintiff's case. The driver of the truck, with people walking through the alley between him and the wall, was bound to exercise due care for pedestrians' safety and to see that no one was in the narrow space between the truck and the wall before he moved forward. That plaintiff was in that space when the truck changed position is undeniable. There was testimony that the driver of the truck gave no warning that he was about to move it and that as he did so he did not look forward and to the right but to his left. It would take only an instant to move the truck the few feet it traveled.

Appellants advance the idea that plaintiff went into apparent danger when a safer course was available to him by going through another highway. There was no danger so long as the truck remained stationary. Danger was of appellants' creation by the sudden moving of the truck. "A person who uses a street or highway that is thrown open for public travel, knowing at the time that there is a safer route which he may take to reach his destination . . . is not necessarily guilty of negligence because he does not take the safer route. It is only when the danger is so great and apparent that an ordinarily prudent person would regard it as dangerous, and therefore avoid it, that a trial court can say, as a matter of law, that the person using the more dangerous route is guilty of contributory negligence": *McManamon v. Hanover Twp.*, 232 Pa. 439, 444, 81 Atl. 440, 441,

quoting from *Steck v. Allegheny,* 213 Pa. 573, 62 Atl. 1115.

It is said that plaintiff's counsel crossed the line of legitimate argument in his closing address to the jury by asserting that the defense had relied on technicalities to defeat plaintiff's claim and in effect charged defendant's counsel with being unfair by not calling the driver, "thus sealing the lips of the man most concerned"; that after explaining why the death of one of the defendants' partners rendered plaintiff incompetent to testify to anything happening in the lifetime of the deceased, his counsel said: "Regardless of the justice of the situation, that is the law and they naturally took advantage of that to keep him from testifying. Was that being fair?" It is suggested that this was an attack not only on the method of defense, but also on the law itself, and was improper and inflammatory. We can understand that in an adequate presentation of his case, plaintiffs' counsel was required to explain to the jury why his client could not testify to what took place at the time of the accident and only as to matters which had occurred since the death of the partner defendant. In his brief defendants' counsel, who very ably presented his case to us on oral argument, admits that in his closing argument he had pressed the weakness of plaintiff's evidence and in plaintiff's brief it is asserted that defendants' counsel had argued to the jury that it was fair for him not to have called defendants' driver or offer any evidence with reference to the occurrences of the accident because of the weakness of plaintiff's case. The trial judge properly cautioned the jury not to be influenced by counsel's over-zealous arguments. We are not convinced that under the circumstances any real harm was done the defendants or that a new trial should be granted on this account alone.

While the court's instructions as to the measure of damages for pain, suffering and inconvenience are complained of, we are of opinion that they did not misguide the jury.

We are asked to say the verdict was excessive. When plaintiff's very severe injuries, continuing pain, and incapacity to work are taken into account, we are unable to so conclude. He had a fracture of the pelvis and of the pubic bone, of the ischium and of the left pelvic bone. In order to void water it was necessary to use catheters. There was a rupture or tear of the urethra and injury to the left sacro-iliac-joint. Plaintiff still suffers pain and his physician testified it will be necessary to have sounds passed for sometime to come to prevent closing of the urethra. He is forty-nine years old and as a result of his injuries has become impotent and sterile.

The judgment is affirmed.