### WARLICH v. MILLER et al.
No. 2191.

District Court, W. D. Pennsylvania.
Aug. 12, 1943.

Dalzell, McFall & Pringle, of Pittsburgh, Pa., for plaintiff.

John H. Sorg, of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

Plaintiff has moved to set aside a directed verdict for defendant and for a new trial.

The action is based upon a collision between plaintiff's automobile and a trailer-truck of the Miller Transfer, defendant, driven by Kelso R. Allen on the Pennsylvania Turnpike. The vehicles in the accident were proceeding in the same direction at a point in the road which had three lanes of traffic on its right side.

Two witnesses were called, the plaintiff herself and a lad who was a passenger on defendants' truck. By the testimony of the boy the accident resulted from the attempt of the plaintiff to cross to the right side of the road without sufficient clearance after passing the truck, and without any negligence on the part of the defendants' driver.

The testimony of the boy in itself is not sufficient to justify the directed verdict if directly contradicted by plaintiff's own testimony and that testimony was sufficient to establish negligence on the part of defendants' driver without contributory negligence of the plaintiff. Kohler v. Pennsylvania R. Co., 135 Pa. 346, 19 A. 1049; Miller v. Lehigh Valley R. Co., 58 Pa.Super. 558. The contradiction in such case is for the determination of the jury.

The testimony of the plaintiff, in substance, was that prior to the accident she had passed and later had been passed by defendants' truck which, however, then slowed down considerably. A little later she undertook to pass the truck again, giving due warning. As she came to about its middle the truck-trailer increased its speed about 62 miles per hour, thereupon her car and she ·in turn increased her speed to proceeded past the cab of the truck, when her car was struck on its right rear and overturned and plaintiff was injured. Plaintiff alleged that she was proceeding straight ahead on the highway when the impact occurred.

Increase of speed by the truck after warning of plaintiff's intention to pass was a violation of a State statute, but in itself was not the cause of the accident. Car and truck each had a sufficient highway in front of it. It was not its speed, but veering from a straight line on the part of the truck, inferred by plaintiff, which led to the collision. Had the plaintiff, recognizing the wrongful speed of the truck, undertaken to cross in front of it with insufficient clearance, she would have been guilty of contributory negligence. This however, according to her testimony, she did not do, but kept to a direct course.

Despite the testimony that she kept straight ahead, plaintiff offered no testimony that the truck veered from its direct course. The following is quoted from the record:

"Q. Now of course, as you were passing this truck, just before the accident happened, you had no way of seeing what the truck did? A. No, not in any particular. * * *

"Q. And you have stated you were passing the cab of the truck when there was a terrific crash? A. Yes.

"Q. Isn't that right? A. That is right.

"Q. Then you have no idea whether the truck changed its course or not, do you? A. No."

This testimony does not entirely contradict that of the other witness called by plaintiff, nor is it sufficient to establish negligence on the part of defendants' driver and absence of contributory negligence on the part of plaintiff. Therefore the motion to set aside the directed verdict and for a new trial will be denied.