## Flowers *v*. Dolan, Admrx., Appellant.

Argued April 18, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*E. J. McDaniel*, for appellant.

*Jos. W. Ray, Jr.*, of *Shelby, Ray & Coldren*, for appellees.

OPINION BY JAMES, J., July 15, 1944:

Two actions of trespass, growing out of the same accident, were brought against Elizabeth Y. Dolan, Administratrix of the Estate of Richard L. Dolan, one by Charles E. Flowers, to recover damages for personal injuries sustained in a collision between an automobile driven by him and an automobile operated by Dolan; the other by Edwin Flowers, owner of the car driven by Charles E. Flowers, to recover damages to the car.

The two cases were tried together. Owing to the death of Dolan the testimony of Charles E. Flowers was excluded and the plaintiffs relied upon the testi-

money of witnesses living nearby who heard the crash of the cars and went immediately to the scene of the accident. The court submitted the cases to the jury who found in favor of the plaintiffs. From the refusal of the motions for judgment n. o. v. these appeals were taken, and the sole question before us is whether the evidence was sufficient to justify its submission to the jury.

In reviewing the denial of these motions for judgments n. o. v. the testimony must be read in a light most advantageous to plaintiffs, and all conflicts therein must be resolved in their favor, and they must be given the benefit of every fact and inference of fact pertaining to the issues involved which may be reasonably deduced from the evidence. *Muehlhof v. Reading Co.* 309 Pa. 17, 19, 162 A. 827; *Shields v. Neff*, 133 Pa. Superior Ct. 289, 2 A. (2d) 622.

In approaching the problem which these facts present, certain principles have repeatedly been laid down. It is not essential that there should be an eye witness to the occurrence. The proof may be inferred from the circumstances themselves. The test is whether they are such as to satisfy reasonable and well-balanced minds that the accident resulted from the negligence of the defendant. *Reardon v. Smith*, 298 Pa. 554, 557, 148 A. 860; *Giordano v. Clement Martin, Inc.*, 347 Pa. 61, 64, 31 A. (2d) 504. Although negligence cannot be presumed from the mere happening of an accident, it may be inferred, in the absence of direct proof, from the attending circumstances. *O'Brien v. Gray*, 121 Pa. Superior Ct. 27, 182 A. 746; *Murray v. Frick*, 277 Pa. 190, 121 A. 47; *Boak v. Kuder*, 336 Pa. 260, 9 A. (2d) 415. The law does not require that proof shall eliminate every possible cause of the accident other than that on which plaintiff relies but only such other causes, if any, as fairly arises from the evidence. *Biesecker v. Penna. R. R. Co.*, 276 Pa. 87, 90, 119 A. 821; *Gable v.*

*Golder,* 116 Pa. Superior Ct. 415, 419, 176 A. 847.

As we view this record the following facts were established. About eleven o'clock on the morning of New Year's Day, 1942, at the easterly terminus of a curve in the public highway between Masontown on the west and McClellandtown on the east, a black-top macadam road 18 feet in width, a collision occurred between a car driven by Charles E. Flowers and a car driven by Richard Dolan, deceased. The Flowers car was traveling in a westerly direction and was approaching the curve when Dolan's car, traveling in an easterly direction, had driven through and was emerging from the curve. On the north side of the highway from Flowers' lane of travel was a fence that stood about two feet from the edge of the macadam. Both cars were practically demolished and came to rest head-on within a few inches of each other, the right front wheel of the Flowers car being off the macadam against the fence, the rear right wheel about six inches from the fence, and its left wheels on the edge of the macadam. The Dolan car was located diagonally across the highway with the front end near the fence and the rear near the center line of the road, outside of its proper lane of travel. From these facts the jury could readily visualize the occurrence and reasonably infer that Flowers was driving on his proper side of the highway immediately before the accident, saw the Dolan car coming from the opposite direction, either in the wrong lane of travel or out of control, and yielded almost all of his travelled lane of the highway to avoid the collision. The theory advanced by appellant is that Flowers might have been originally driving on the wrong side of the highway, but this is answered by the position of his car sitting on its own right side of the highway, almost parallel therewith and off the travelled lane two feet, near the fence. Considering the curve and the time necessary, it would have been practically impossible for him to drive from

the wrong side to the right side of the highway and be parallel therewith after the Dolan car rounded the curve. On the other hand, the reasonable inference to be drawn from the position of Dolan's car on the wrong side of the highway is that Dolan did not have his car under control in rounding the curve, and crossed over onto the lane of travel of the Flowers car. As a further observation of the testimony, the learned court below, in its testimony, said: "There is no evidence of skidding or any other marks elsewhere upon the road. If the testimony of Mr. Ansell (plaintiffs' witness) is true, the view that he had from the roof of his house as he looked up at the moment of the occurrence was so direct and immediate as to seem to preclude the possibility of any extensive movement of the cars unobserved after they collided. We think, therefore, that there is positive evidence to establish the cause of the accident and to sustain the verdict."

Appellant contends that the class of cases where only one car is involved, such as *O'Brien v. Gray,* supra, and *Ravis v. Shehulski,* 339 Pa. 161, 14 A. (2d) 70, must be distinguished from the class of cases where two cars and two operators are involved. We find no logical ground to sustain this argument. In *Grimes v. Yellow Cab Co.,* 344 Pa. 298, 25 A. (2d) 294, an action arising from a collision between two cars, where no witness described the operation of the defendant's car, the court held that the same principles were applicable.

We are of the opinion that the evidence was ample "to satisfy reasonable and well-balanced minds" that defendant's decedent was negligent in the operation of his car at the time of the accident.

Judgments affirmed.