## Clark *v.* Philadelphia Transportation Company, Appellant.

Argued October 27, 1944. Before KELLER, P. J., BALDRIGE, HIRT, RENO and JAMES (RHODES, J., absent).

*Samuel S. Herman,* with him *Bernard J. O'Connell,* for appellant.

*Thomas Z. Minehart,* with him *Maurice A. Bank,* for appellee.

OPINION BY RENO, J., March 2, 1945:

This is trespass to recover for personal injuries sustained by plaintiff when he was struck by appellant's motor bus. At the close of plaintiff's testimony appellant's point for binding instructions was refused, as was a subsequent motion for judgment n. o. v. after a verdict had been returned in plaintiff's favor. This appeal disputes that the record exhibits evidence from which the jury could have found that the accident resulted from the operation of the bus in a negligent manner. In view of the verdict, the testimony must be read in the light most favorable to plaintiff, and he must be given the benefit of all the inferences that may reasonably be drawn to his advantage.

Plaintiff, sixty-one years old, sold newspapers on the northeast corner of Germantown and Chelten Avenues in Philadelphia and for this purpose maintained two stands east of the intersection on the north sidewalk of Chelten Avenue. The easternmost stand was of box-like construction about three feet high at the front (that is, the side away from the cartway), and had a tin-covered lid which when closed sloped downward toward the sidewalk, and which could be swung back on its hinges so that it rested against the rear of the stand

perpendicular to the pavement. On the day of the accident this stand was placed on the sidewalk nine or ten inches from the edge of the curb with the lid closed. Immediately to the west was another stand similarly constructed and also operated by plaintiff, a United States mailbox for the reception of packages, and an electric light pole at about the Germantown Avenue building line. At approximately 5:20 P. M. plaintiff opened the lid of the easternmost stand for the purpose of getting some magazines and books to display. Plaintiff's back was to the east, and with his left hand he lifted the lid to a perpendicular position and held it there for a moment intending to swing it all the way down, in which descending arc the edge of the lid would have extended over the curb. Appellant's bus, approaching unobserved by plaintiff and from behind him, crashed into the raised lid of the stand while it was still in a perpendicular position with such violence that it knocked both newsstands partly into the street, and uprooted the mailbox which had been securely fastened to the pavement. When the bus struck the lid plaintiff's thumb was caught and part of it amputated. According to a passenger who was first in line to alight, the bus was approaching the corner at a speed of twenty to twenty-five miles an hour and coming to a stop to discharge passengers when, with its wheels "right up against the curb", the right hand side of the vehicle between the front and center doors struck the lid of plaintiff's newsstand, which was not projecting beyond the curb, with great force, causing the injuries complained of.

There can be no doubt of plaintiff's right to go to the jury on the issue of appellant's negligence if the evidence established that he was injured while lawfully engaged in raising the lid of his newspaper stand and his activities occurred wholly upon the public sidewalk. The sidewalk is for the use of pedestrians and others properly upon it, and if the lid of plaintiff's stand was

not protruding out into the cartway, and the verdict establishes that it was not, the jury would be entitled to find that appellant's bus was not being prudently operated if it was driven so close to the curb that a portion of it encroached upon the sidewalk and inflicted injuries upon plaintiff in the manner described. *Ford v. Cunningham Piano Co.*, 71 Pa. Superior Ct. 380; *Young v. Yellow Cab Co.*, 118 Pa. Superior Ct. 495, 180 A. 63. Appellant's argument is that the testimony of plaintiff and his witness demonstrates that the side of the bus could not have entered the space inside the curb and that the jury should not have been permitted to place credence in an account of the accident which was either mistakenly or intentionally false.

It is true that testimony cannot be accepted where it is irreconcilably opposed to facts so clearly established that they cannot be erroneous, or where witness' assertions are contrary to the laws of nature and all human experience, for to allow juries to believe such testimony would be to license them to return false, rather than true, verdicts. *Lessig v. Reading Transit & Light Co.*, 270 Pa. 299, 113 A. 381. The rule applies, however, only where the incontrovertible facts are positive, clear, indisputable, and certain, and unless they are so established the case is for the jury. *Bailey v. C. Lewis Lavine, Inc.*, 302 Pa. 273, 153 A. 422; *House v. Brant*, 323 Pa. 53, 185 A. 628; *Long v. Pa. Truck Lines*, 335 Pa. 236, 5 A. 2d 224. Negligence may be shown as well circumstantially as by direct proof, and if the facts developed indicate to the satisfaction of reasonable and well balanced minds that the accident resulted from a failure to employ reasonable caution, a prima facie case of negligence is made out. *Reardon v. Smith*, 298 Pa. 554, 148 A. 860; *Maerkle v. Pittsburgh Railways Co.*, 311 Pa. 517, 165 A. 503; *O'Brien v. Gray*, 121 Pa. Superior Ct. 27, 182 A. 746.

It cannot fairly be said of the testimony of plaintiff and his witness that an absolutely unveracious account

of the accident was detailed, bearing in mind the reasonable inferences that arise from the record. The bus was approaching a regular stop on its route at a rapid rate of speed, and at the moment of the impact with plaintiff's newsstand its wheels were "right up against the curb". From this it could be deduced that the bus had swung out of a lane of traffic toward the curb, for its ordinary path between stops is not along the extreme right hand edge of the cartway, and that in the swerve necessary to straighten its course again the momentum of the body made it lean far enough beyond the curb line to strike the raised lid of the stand. It was not shown that the body of the bus did not extend beyond the right wheels, and the play in the springs under the force of a sudden turn would make it clearly possible for the body of the vehicle to react in the manner claimed. This is, in fact, the only logical explanation of the way in which the accident could have happened, and the circumstances loudly attest that that is what occurred.

In *Miller v. Siebert*, 296 Pa. 400, 145 A. 909, plaintiff, standing near the curb, was struck by a passing automobile which did not run onto the sidewalk. Plaintiff had not seen defendant's car approaching and could not describe the manner in which the accident happened. In refusing to enter judgment n. o. v. against him, the Supreme Court said (p. 406): "The only circumstances detailed in the present case are those furnished by plaintiff himself; to our mind, they are so positive and conclusive as to establish, even beyond legal inference, that the accident was due solely to the negligence of appellant." See, also, *Ross v. Riffle*, 310 Pa. 176, 164 A. 913; *Mull v. Bothwell*, 338 Pa. 233, 12 A. 2d 561. These decisions are indistinguishable in principle from the present case and furnish ample authority for the judgment of the learned court below.

Judgment affirmed.