## WARLICH v. MILLER et al.

### Civil Action No. 2191.

District Court, W. D. Pennsylvania

Sept. 18, 1947.

594

J. Thomas Hoffman and Louis Vaira, both of Pittsburgh, Pa., for plaintiff.

Wallace E. Edgecombe, of Pittsburgh Pa., for defendants.

WALLACE S. GOURLEY, District Judge.

This is a trespass action to recover damages for personal injuries and property damage resulting from a collision between the plaintiff's automobile and defendants' truck. A verdict was returned in favor of the plaintiff against the defendants in the amount of $10,000 for personal injuries sustained by the plaintiff. The claim for property damage was denied by the Court for the reason that the plaintiff failed to meet the burden of proof required by law in the Commonwealth of Pennsylvania in establishing the correct measure of dam-

age. Although exception was taken by plaintiff to said denial, plaintiff has not pressed said point by way of a motion for a new trial.

The matter now comes before the Court on motion of the defendants to have the verdict rendered in favor of the plaintiff, and any judgment entered thereon, set aside, and to have judgment entered in favor of the defendants.

Alternatively the defendants move for a new trial for the following reasons:

1. The verdict was contrary to the weight of the evidence.

2. The testimony offered by the plaintiff is inconsistent with the verdict since it clearly shows that the plaintiff was guilty of contributory negligence.

This is the second time said case has been before this Court. Originally in the trial of the proceeding before another member of this Court, a directed verdict was entered in favor of the defendants and a new trial refused. 51 F.Supp. 71.

An appeal was taken to the Circuit Court by the plaintiff and the judgment of the District Court was reversed. It was held that under the testimony the question of the defendants' negligence was for a jury's consideration. Under proper instructions from the Court the case was, therefore, remanded to the District Court for further proceedings not inconsistent therewith. 3 Cir., 141 F.2d 168.

In accordance with the mandate of the Circuit Court the case proceeded to trial with a jury. The questions of negligence and contributory negligence were presented to the jury for consideration, a verdict having been rendered in favor of the plaintiff against the defendants in the amount of $10,000, for which judgment was duly entered.

The collision occurred on the Pennsylvania Turnpike on December 28, 1941, at about 5:45 P.M. The Turnpike is a "super highway," having four lanes of traffic; two east-bound and two west-bound, separated by a wide strip or grass plot. The portion of the highway with which we are concerned is straight and level. Both vehicles involved in the accident were pro-

ceeding on the east-bound lanes or in the direction of Harrisburg, Pennsylvania. The plaintiff's car was being driven to the rear of the truck. The plaintiff passed the truck. She was then overtaken and passed by the truck, and subsequently the plaintiff decided to pass the truck again. Both vehicles were traveling about 50 M.P.H., and the plaintiff increased her speed slightly and pulled out in the left lane to pass, blowing her horn several times to make sure that the truck driver would hear her. As she came alongside, about the middle of the truck, the driver of the truck increased its speed to over 60 M.P.H. The plaintiff increased her speed accordingly in order to proceed with the passing of the truck. The truck was being driven a little to the left of the center of the east-bound highway and the driver did not deviate but continued straight ahead as the plaintiff started to pass. The plaintiff believed the driver of the truck would either cut down his speed after she had blown her horn, continue straight in the direction in which he was driving, or drive the truck to the right. The plaintiff passed the cab of the truck and was proceeding perfectly straight with sufficient room on the highway to complete the passing without any trouble or difficulty when the driver of the truck swerved the motor vehicle to the left and struck the right rear of the motor vehicle, causing the accident and resulting injuries.

In the cross-examination of plaintiff in the first trial, plaintiff testified that when she reached the point near the cab of the truck, and without changing her direction in any way, she felt a crash at the right rear of her car, the cause of which, however, was not known by her. During the first trial she also called a witness who was an occupant in the truck, who testified that the car of the plaintiff began to swerve to the right, that the truck was at no time turned to the left and that the accident was, therefore, caused by the act of the plaintiff.

During the second trial, the plaintiff did not call the witness to which I have just made reference, and the only testimony as to the cause of the accident presented on plaintiff's behalf was that offered by said plaintiff. The plaintiff unequivocally in one part of her testimony stated that sufficient room existed on the highway in the direction in which she was driving to pass the truck, that the accident was caused by the failure of the driver of the truck to reduce the speed, and in fact he increased his speed, and by suddenly swerving the truck to the left, it caused the truck to strike the right rear of the automobile.

■ Here, the defendant's driver, according to the evidence, and inferences therefrom favorable to the plaintiff, breached the statutory duty owed to the plaintiff by (1) increasing his speed and (2) not keeping his vehicle to the right side of the road, when the plaintiff sought to pass after having given the required signal. A jury could well find, if it believed the plaintiff's testimony, that the failure to observe the statutory standard of care was the legal cause of the collision. Furthermore, even apart from the statute, there is sufficient evidence for a jury to find that the conduct of defendant's driver was negligent with respect to the plaintiff. If the plaintiff's story is accepted, the inference that the truck veered from the right to the left and struck the plaintiff's car is entirely reasonable as is the conclusion that the driver was negligent in doing so.

■ The defendant contends that under the weight of the evidence and under the testimony offered by the plaintiff, it is clearly established that the plaintiff was guilty of contributory negligence. It is a settled rule of law that one who voluntarily and unnecessarily assumes a position of known danger, and by reason of this is injured, is contributorily negligent as a matter of law. Furthermore one is guilty of contributory negligence who rejects a safe way and voluntarily chooses one known to be dangerous. Valente, Appellant, v. Lindner, 340 Pa. 508, 17 A.2d 371; Glancy, Appellant, v. Meadville Bread Co., 340 Pa. 452, 17 A.2d 395; Starovetsky v. Pennsylvania R. Co., 328 Pa. 583, 195 A. 871.

■ It has also been definitely recognized as a sound rule of law that contributory negligence can only be declared as a matter of law where it is so clear that there is no room for fair and reasonable persons

to disagree. Bauer, Adm'x, v. Sacks, Appellant, 355 Pa. 488, 50 A.2d 351.

█ The plaintiff testified that the driver of the truck was operating the same a little to the left from the center of the highway and there was ample room or space to pass it safely, and that the accident was caused solely due to the truck being suddenly turned to the left, striking the right rear of plaintiff's automobile. It is true that in other parts of the testimony offered by the plaintiff inconsistent statements to some extent appear. The testimony offered by defendants is in direct contradiction to that presented by plaintiff. As a result of which, under the plaintiff's testimony fair and reasonable persons can disagree or draw different inferences as to the actions of the plaintiff. The Court cannot declare the plaintiff under the circumstances to have been guilty of contributory negligence as a matter of law.

█ The burden of proof, therefore, rested on the defendants to establish contributory negligence on the part of the plaintiff by the fair preponderance or the weight of the evidence. A person is not necessarily guilty of contributory negligence because he does not take the safer of a choice of ways unless the danger is so clear that an ordinary prudent person would regard it as dangerous. Since the facts and circumstances are not free from doubt, the Court cannot declare contributory negligence to exist in this case as a matter of law. Schaut v. St. Marys' Borough et al., 141 Pa.Super. 388, 14 A.2d 583; McFadden v. Pennzoil Co., Appellant, 341 Pa. 433, 19 A.2d 370.

█ It is the duty of the Court in passing upon the motion to set aside the judgment rendered in favor of the plaintiff to consider the testimony in a light most advantageous to the plaintiff. All conflicts therein must be resolved in the plaintiff's favor, and the plaintiff must be given the benefit of every fact and inference of fact pertaining to the issue involved which may be reasonably deduced from the evidence. Flowers v. Dolan, Adm'x, Appellant, 155 Pa.Super. 378, 38 A.2d 429; Bauer, Adm'x, v. Sacks, Appellant, supra; Cyclopedia of Federal Procedure, 2nd Edition, Vol. 8,

Section 3463, p. 124; Sprencel v. United States, 5 Cir., 47 F.2d 501, 505; Brunswick-Balke-Collender Co. v. Foster Boat Co., 6 Cir., 141 F.2d 832; Worcester et al. v. Pure Torpedo Co., 7 Cir., 140 F.2d 358; Hellweg v. Chesapeake & Potomac Telephone Co., 71 App.D.C. 346, 110 F.2d 546.

█ The Court is not free to weigh the evidence and set aside the jury verdict because the jury could have drawn different inferences or conclusions, or because the Court regards another result more reasonable. Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520.

In view of the above matters a situation exists where the credibility of the testimony offered by the plaintiff and her selection to not call a witness, who appeared in her behalf at the first trial, became an important matter for the consideration of the jury. In this respect the Court instructed the jury with considerable thoroughness as to the rules which should be applied in passing upon the credibility of a witness and reconciling any inconsistencies which might appear in the testimony, and select that which they find to be true or disregard that which they find to be untrue. It is evident that the jury in its verdict was able to reconcile the inconsistencies and, therefore, accepted that part of the testimony offered by the plaintiff which established negligence on the part of the defendant, and lack of contributory negligence on her part.

█ The circumstances in this case, therefore, require the application of the rule that if, on one part of plaintiff's testimony or that of a witness, plaintiff is entitled to recover, or have the case presented to the jury, and on another part she is not, the jury must reconcile such conflicting statements and say which shall prevail. A question of fact was, therefore, presented for the jury since reasonable and well-balanced minds might differ on the matter as to the truth of the statements made by the plaintiff. Cardone v. Sheldon Hotel Corp., 160 Pa.Super. 193, 50 A.2d 700.

The defendants in connection with each of said motions do not raise any question as to the admission or rejection of any evidence, no error of law is charged, nor has

any argument been made as to the unreasonableness of the verdict.

I believe that the case was fairly and thoroughly presented to the jury under proper instructions from the Court, and under the evidence the question of the defendants' negligence and the plaintiff's contributory negligence was properly submitted to the jury. The motion to set aside the verdict and judgment entered in favor of the plaintiff against the defendants is refused, and the motion for a new trial is refused.

An appropriate order will be filed.