## Damulewicz v. Kozeniewski

*John F. Corcoran*, for plaintiff.

*Bednarek & Gold*, for defendant.

WEINROTT, J., August 27, 1957.—Plaintiff's complaint in equity seeks to enjoin defendant from conducting his business of selling newspapers, magazines, publications, candy, pop, tobacco and other incidental products from stands and racks located on the sidewalk on the side of plaintiff's premises. The answer of defendant contends that the conduct of such a newsstand business is a public convenience and a proper use of the public easement in the sidewalk.

The matter was fully heard before this court, and upon consideration of the pleadings and the testimony adduced at trial, the chancellor makes the following:

### Findings of Fact

1. Plaintiff is the owner of premises 3182 Richmond Street, Philadelphia, on which premises she conducts a duly licensed taproom and restaurant.

2. On or about August 20, 1949, plaintiff and defendant entered into a written lease for the term of five years for the rental of a certain portion of plaintiff's premises near the building on that part of the property which fronts on Allegheny Avenue. The agreed monthly rental was $25 per month.

3. Defendant conducted his business of selling newspapers, magazines, publications, candy, pop, tobacco and other incidental products at that location on the leased portion of the premises during the term of said lease.

4. On or about May 5, 1954, in accordance with the provisions of said lease, plaintiff notified defendant in writing to vacate and remove his stands from the premises on or before August 20, 1954.

5. Following the receipt of said notice and immediately after expiration of the term of the lease, defendant moved his stands and business from the leased portion of plaintiff's premises to another portion of plaintiff's sidewalk near the curb and thereafter conducted his said business from that location.

6. Defendant's business stand consists of one large wooden stand approximately 10 feet long, 4 feet wide and 8 feet high, with an entrance at one end. It is covered and equipped with heating and lighting facilities, and is closed and locked when not in use. In addition, there are two small newspaper stands approximately 3 feet long, 1½ feet wide and 2½ feet high, and also some racks. From these said stands and racks defendant sells newspapers, magazines, candy, cigarettes, cigars, tobacco, soda water, Tasty Cakes, chewing gum and pretzels. The newspapers are sold from the smaller stands and the magazines are sold from racks. All of the other products are sold from the large stand.

7. Defendant is conducting his business as aforesaid at the present location on the sidewalk of plaintiff's premises without her consent or permission and expressly against her wishes.

8. Defendant has not paid plaintiff any sum as rental since the expiration of the aforesaid lease.

9. Plaintiff's request for findings of fact nos. 1 to 25 inclusive are affirmed.

10. Defendant's request for findings of fact nos. 1 to 6, inclusive, 8, 10, 11, 12 and 14 are affirmed; defendant's request for findings of fact nos. 7, 9, 13, 15, 16 and 17 are denied.

### Discussion

The pleadings and evidence in this case frame a very narrow issue. Does the public easement in the sidewalk include the right to conduct a stand for the vending of newspapers, magazines and numerous other products?

Defendant contends that his stand is rightfully on the sidewalk, that the news vending business is a lawful use of the sidewalk in pursuance of the public easement. He cites in favor of his position the case of Wilson v. McGill, 42 D. & C. 74, where in an opinion by Judge Oliver the dicta appears to lend some support to defendant's position. That case, however, as we had indicated in a prior decision in this matter, depends upon its own peculiar circumstances and forms no precedent for any other case which varies from those circumstances in the character and extent of the encroachment. The court in that case aptly stated that in equity the relief to be granted is governed by conditions existing at the time of the decree. There, sometime prior to the hearing, defendant had reduced the number and size of his stands which were located under the stairway leading to the elevated railway, and at the time of the decree both small movable stands had been removed from the property of plaintiff to the adjacent premises, except for the small leaf of one table a short distance over the property line. The property owner there suffered no reduction in rent or any other harm as a result of the presence of a newsstand. The facts of that case differ vastly from the evidence in the matter now before this court. Furthermore, to the extent that the Wilson case appears to grant a superior right to a newsstand, we do not believe it establishes a salutary principle of law.

The law dealing with the rights of property owners in the sidewalks in front of their premises is set forth at length in Hinden v. Samuel, 158 Pa. Superior Ct. 539. The court there stated that in Pennsylvania it is well established that the title to property abutting on a public street extends to the center of that street. The public acquires an easement in the highway; the fee of the land remaining in the owners is subject to the easement, and the land may be used by the owner for

any purpose not inconsistent with the easement acquired by the public. No person, corporation or individual has the right to make a special or exceptional use of the public highway not common to all citizens, except by grant from the sovereign power. The highways belong to the Commonwealth in trust for the great body of the people, and he who claims a peculiar privilege to invade them must establish his right under some statute or valid municipal regulation ordained in pursuance of statutory authority.

Defendant argues that such authority is found in the City Charter, section A-101, which provides that the Department of Streets today has exclusive jurisdiction over the regulation of footways, and section 9-205 (2) (b) of the Code of General Ordinances of the City of Philadelphia dealing with sidewalk sales which specifically exempts the display, offering for sale and sale of books, magazines and newspapers and the placing and maintenance of stands for such articles. The charter in that section merely sets forth the police power which has always resided in the city, however, it cannot be said to create special property rights in one individual over another. The ordinance is merely an enactment under this power which exempts a certain type stand from the category of prohibited conduct. However, neither the charter nor the ordinance enacted thereunder can confer special rights upon an individual to conduct a business of the nature carried on by defendant on the sidewalk of plaintiff's premises without her consent. See Seibert v. Sebring, 55 Pa. Superior Ct. 475.

If the position of defendant were sound, it would mean that stands could be erected by defendant or anyone encompassing the entire perimeter of plaintiff's sidewalk. The obligation to maintain the sidewalk would still remain the primary responsibility of the owner of the abutting premises and liability for inju-

ries occurring on such property would still befall the owner thereof. Carrying the argument of defendant further, he or anyone else would be entitled to utilize part of the premises, and then as his business grows and increases he would have an absolute right to utilize or occupy a greater portion of the sidewalk so long as he did not interfere with the regulatory provisions of the city ordinance. It becomes obvious that this court cannot support such a position. See Benner v. Junker, 190 Pa. 423. The law does not condone such a deprivation of rights of private property and we can find no authority for such a position.

The argument of defendant that an informed electorate is the basis for a public easement has no validity in our present economy. The dissemination of news is today achieved by many media, including radio and television. Many news publications are delivered directly to the home or purchased at local stores or newsstands which either rent space on the sidewalk or are conducting their business with the consent, or certainly without objection, from the owners of the abutting premises. Furthermore, such newsstands do not sell the numerous other items which are dispensed by defendant in this case.

It is important to note that the newspaper publishing business is a large commercial enterprise and, as such, should be required to bear as a cost of doing business the burden of reasonable distribution charges. If a rental is demanded by the owner of the premises on which the newsstand is located, there appears to be no reason why this should not be paid as part of the cost of doing business.

The use being made of the sidewalk in this case includes far more than just a newspaper vending stand. It encompasses the sale of many items, such as, potato chips, chewing gums, candies, Tasty Cakes and tobacco, and there is absolutely no reason why defend-

ant in the conduct of his business at this or any other location should not bear as a cost thereof a reasonable rental if the owner is willing to enter into a lease therefor. Defendant will be required to remove all his stands from the sidewalk abutting the premises of plaintiff. It appears to the court that the rental agreed upon by the parties under their old lease (now expired) can be fixed as the rental for the period of time from the termination of the lease until the date of this decree.

Clark v. Phila. Transportation Co., 156 Pa. Superior Ct. 623; Tua v. Brentwood Motor Coach Company, 371 Pa. 570, cited by defendant are inapposite for they merely assume a newsstand is a rightful use of the sidewalk in accordance with the ordinance which exempts them; however, it is no authority for the position of defendant that any person has an absolute right to enter on the sidewalk of another and conduct a business there which includes not only the sale of newspapers and magazines, but also numerous other products. We find no merit in the argument that plaintiff failed to exhaust an administrative remedy by a request for removal directed to the city, for our reasoning excludes the applicability of any such remedy in a case of this nature. In view of the foregoing we make the following

*Conclusions of Law*

1. This court, sitting in equity, has full jurisdiction of the matter before it.

2. That plaintiff, having title to the property abutting the public street, her ownership extends to the center of that street and includes the sidewalk.

3. While the public acquires an easement in the sidewalk, no person has the right to conduct a stand thereon for the vending of newspapers, magazines and numerous other products without the permission and consent of the owner.

4. Defendant has failed to establish any right under any statute or municipal regulation for the privilege which he claims.

5. Plaintiff's request for conclusions of law nos. 1 to 5, inclusive, 7, 8, 10, 11 and 12 are affirmed; plaintiff's request for conclusions of law nos. 6 and 9 are denied.

6. Defendant's request for conclusions of law nos. 1 and 2 are denied.

## Order

And now to wit, August 27, 1957, the court enters the following:

## Decree Nisi

And now to wit, August 27, 1957, it is ordered, adjudged and decreed that:

1. Defendant, Walter Kozeniewski, also known as Walter Root, be and hereby is restrained permanently from conducting his business of selling newspapers, magazines, etc., from racks and stands located on the premises of plaintiff.

2. That said defendant is hereby directed to remove forthwith all stands and racks now upon the sidewalk of plaintiff's premises, 3182 Richmond Street, Philadelphia.

3. That said defendant restore plaintiff's curb and sidewalk to the same order and repair as it had been prior to defendant's commencement of business there or pay the cost thereof.

4. That judgment is entered against said defendant in the amount of $900, for the reasonable rental for the period from August 20, 1954 to August 20, 1957.

5. Costs shall be paid by defendant.

The prothonotary is directed to give notice to the parties of the filing of this decree nisi and unless exceptions are filed thereto within 20 days from the date hereof, this decree shall become a final decree.